UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN FUQUA #191993,

    Plaintiff,                                          Case Number: 08-cv-12956

v.                                                    DISTRICT JUDGE DENISE PAGE HOOD
DENNIS STRAUB, *et al.*,               MAGISTRATE JUDGE STEVEN D. PEPE

    Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY (DKT. #24)
AND
ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS ON
DEFENDANTS' SUMMARY JUDGMENT MOTION PENDING DEFENDANTS
COMPLIANCE TO DISCOVERY REQUESTS (DKT. #25)
AND
ORDER DENYING PLAINTIFF'S MOTION
TO POSTPONE SUMMARY JUDGMENT RULING (DKT. #26)**

       This is a *pro se* prisoner civil rights action for monetary damages and injunctive relief, filed by an inmate in the custody of the Michigan Department of Corrections ("MDOC"). The Plaintiff complains that his security classification level was increased and he was transferred to another facility. Plaintiff further avers that his mail was not forwarded by prison staff after the transfer, causing his non-receipt of an Order from the Michigan Supreme Court. On September 19, 2008, the Defendants moved for dismissal and/or summary judgment pursuant to Fed. R. Civ. P 12(b) and Fed. R. Civ. P. 56(b) asserting failure to exhaust administrative remedies, qualified immunity and Eleventh Amendment immunity (Dkt. #23). The Plaintiff has served the following discovery requests on the Defendants: Interrogatories to Parties, two Request for Production of Documents, and fourteen Requests for Admissions (Dkt. #24, Ex. 1-17).

       On October 8, 2008, Defendants filed a motion to stay discovery (Dkt. #24) pending a

ruling on their dispositive motion (Dkt. #23). Plaintiff subsequently filed two motions (Dkt. #25 & #26) requesting that this Court delay ruling on Defendants' dispositive motion, so that Plaintiff could conduct discovery. All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b) (Dkt. #6). For the reasons stated on the record and indicated below, Defendants' motion to stay discovery is **GRANTED**, Plaintiff's motions are **DENIED** and all discovery requests in this case are stayed.

Plaintiff has filed this federal civil rights law suit alleging that the Defendants violated his constitutional rights. In turn, Defendants have filed, briefed and served a dispositive motion claiming that Plaintiff's claims are barred by qualified immunity and failure to exhaust administrative remedies (Dkt #23). Plaintiff is now seeking to engage in discovery proceedings before this Court has ruled on the Defendants' dispositive motion (Dkt. #24, Ex. 1-17). The Defendants' motion, if granted, is dispositive of the Complaint.

In a suit for money damages against government officials based on their official acts, discovery should not be allowed before the threshold issue of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because qualified immunity is immunity from suit rather than a mere defense to liability, discovery should be suspended until the court has an opportunity to decide the Defendants' dispositive motion based upon immunity. *Washington v Stark*, 626 F. Supp. 1149, 1152 (W.D. Mich. 1986). Moreover, an inmate's challenge to conditions of confinement is not cognizable absent the proper exhaustion of administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81 (2006). Accordingly, discovery is stayed in this matter pending resolution of the threshold issues of exhaustion and immunity.

If Plaintiff believes any of his discovery is related to exhaustion or immunity, he shall

specifically identify such discovery requests in a separate notice to the court and counsel for the defendants.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

s/Steven D. Pepe<br>United States Magistrate Judge

Dated: November 18, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 18, 2008.

s/V. Sims<br>Case Manager