UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN FUQUA,

               Plaintiff,               Case No. 08-12956

vs.                                             DISTRICT JUDGE DENISE PAGE HOOD
                                             MAGISTRATE JUDGE STEVEN D. PEPE

DENNIS STRAUB, *et al.*,

               Defendant(s).
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. #28) AND PLAINTIFF'S MOTION FOR CONTEMPT (DKT. #39)**

This is a *pro se* prisoner civil rights action for monetary damages and injunctive relief, filed by an inmate in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff complains that his security classification level was increased and he was transferred to another facility. Plaintiff further avers that his mail was not forwarded by prison staff after the transfer, causing his non-receipt of an Order from the Michigan Supreme Court. On September 19, 2008, Defendants moved for dismissal and/or summary judgment pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 56(b) asserting failure to exhaust administrative remedies, qualified immunity, and Eleventh Amendment immunity (Dkt. #23).

On November 3, 2008, Plaintiff filed a motion for leave to file an amended complaint (Dkt. #28). In his motion, Plaintiff alleges he has discovered the identities of Defendants listed only as John and/or Jane Does in paragraphs 16, 17, 18, 58, and 59 of the allegations in his original complaint, and paragraphs B, C, F, G(i), and G(ii) of the relief requested. All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b)

(Dkt. #6).  For the reasons indicated below, Plaintiff's motion for leave to file an amended complaint is **DENIED**.

Fed. R. Civ. P. 15(a) allows a party to amend its pleading once as a matter of course, or with the opposing party's written consent or the court's leave.  Courts shall freely grant leave to amend "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Yet, denial is appropriate for reasons such as undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice, or futility of the amendment.  *Id.*  An amendment is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993), or where an amendment would fail to survive a summary judgment motion under Fed. R. Civ. P. 56(b). *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989).

Plaintiff's amendment to his complaint would be futile.  The Defendants whom he now identifies by name in his amendment (Rebecca K. Holtz, Janell Causwell, Cynthia J. Wemple, Janet D. McNees, James J. Holden, Kathleen B. Johnsen, and Katherine M. Hodge) were the subjects of a grievance filed by Plaintiff on August 16, 2007 (Dkt. #1, Ex. V).  Plaintiff filed the grievance in question, ECF-2007-08-3882-28e, against the Warden (Defendant Curtin), Business Manager, Mail Room Supervisor, and Mail Room employee at ECF alleging they failed to forward his mail when he was transferred from ECF, which resulted in his non-receipt of the Michigan Supreme Court's order denying his application for leave to appeal his criminal conviction (*id.*).  The Step I response rejected the grievance as untimely, as it dated back to an incident that allegedly occurred in 2005 (*id.*).  Both the Step II and Step III responses state the Step I response adequately addressed the grievance (Dkt. #23, Ex. 3, pp. 25-26).

Prisoners at MDOC facilities are given the right to "[seek] redress for alleged violations of policy and procedure or unsatisfactory conditions," but prisoners making grievances must follow certain rules and deadlines. Policy Directive Preamble. These requirements are laid out in MDOC Policy Directive, Prisoner/Parolee Grievances (the "Policy Directive" or "PD"). The MDOC has specific administrative procedures that prisoners must follow to exhaust their administrative remedies.

MDOC Policy Directive 03.02.130 lays out a three-step process that prisoners must complete before they are deemed to have exhausted their claims (Dkt. #23, Ex. 7, MDOC PD 03.02.130 (Effective December 19, 2003)). The Policy Directive first requires that, within two business days of becoming aware of a grievable issue, a prisoner must first make an informal attempt to resolve it, unless he is prevented from doing so by circumstances outside of his control. PD § R. If he is dissatisfied with the result of this attempt, he may proceed to Step I of the grievance process. On a form supplied by MDOC, the prisoner must briefly describe the facts of the issue being grieved. PD § T. This form must be filed with a designated Grievance Coordinator within five business days of the prisoner's informal attempt at resolution. PD § X.

If the prisoner is dissatisfied with the Step I response, he may appeal to Step II by obtaining an appeal form within five business days of the response and submitting the appeal within five business days of obtaining the form. PD § DD. The Step II respondent is designated by the Policy Directive. PD § FF. If the prisoner is still dissatisfied after receiving the Step II response, he may appeal to Step III using the same appeal form. The Prisoner Affairs Section, on behalf of the MDOC Director, is the respondent for Step III appeals.

That Plaintiff has now allegedly discovered the names of previously nameless Defendants does not alter the fact that his original grievance was untimely, and thus his administrative remedies against them have not been exhausted.

On December 24, 2008, Plaintiff filed a motion for clarification of court's order, and a motion for a court order to hold Defendant in contempt for failure to comply with court's order for production of documents (Dkt. #39). Plaintiff alleges that Defendant did not comply with this Court's order (Dkt. #34) by not producing all of the required documents. In the order, this Court stated that "any *grievances or complaints* submitted by Plaintiff to Defendants or their agents are relevant to an exhaustion defense, and should therefore be provided to Plaintiff" (emphasis added). In their response, Defendants contend that they complied with the order by providing Plaintiff with all grievances and appeals that he filed (Dkt. #42, Ex. 1-10). The order of this Court was clear in that Defendants were only required to supply Plaintiff with copies of all grievances and complaints he had filed, thus Defendants have complied. Accordingly, Plaintiff's motion for a court order to hold Defendant in contempt for failure to comply with court's order for production of documents is **DENIED**.

**SO ORDERED.**

Dated: June 30, 2009  s/ Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

4

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 30, 2009 .

                                          s/Jermaine Creary
                                          Interim Case Manager